```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

Peter Garcia

    v.                                     Civil No. 10-cv-26-JL
                                                Opinion No. 2010 DNH 184

Alicare Medical Management

**SUMMARY ORDER**

Defendant Alicare Medical Management has moved for judgment on the pleadings, see Fed. R. Civ. P. 12(c), in this case alleging that Alicare violated the Americans with Disabilities Act ("ADA") by refusing to hire plaintiff Peter Garcia for a medical director position because he is hard of hearing. See 42 U.S.C. § 12112 (prohibiting "discriminat[ion] against a qualified individual on the basis of disability in regard to job application procedures, the hiring . . . of employees," and other employment-related matters). Alicare argues that the case should be dismissed because Garcia, who is appearing pro se, has not made an initial disclosure of his alleged damages computation as required by Fed. R. Civ. P. 26(a)(1)(A)(iii). This court has subject-matter jurisdiction over the case under 28 U.S.C. § 1331 (federal question).

The motion is denied. As an initial matter, Alicare should have brought its motion under Fed. R. Civ. P. 37(c), since the

motion is really a request for dismissal based on Garcia's alleged "fail[ure] to provide information . . . as required by Rule 26(a)," id., not a motion for judgment on the pleadings under Rule 12(c).  Where a party violates Rule 26(a), and the violation is neither "substantially justified" nor "harmless," Rule 37(c) gives the court discretion to choose from a wide range of possible sanctions.  See Fed. R. Civ. P. 37(c)(1)(A)-(C) (incorporating other sanctions listed in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi)).  Dismissal is the harshest of those sanctions, see Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de P.R., 248 F.3d 29, 34 (1st Cir. 2001), and thus requires a "robust" justification.  Cruz-Vazquez v. Mennonite Gen. Hosp., Inc., 613 F.3d 54, 58 n.1 (1st Cir. 2010).

In this case, Alicare is correct that Garcia failed to provide a damages computation in his initial disclosures, as required by Rule 26(a).  But Garcia eventually provided such a computation to Alicare in a letter sent two weeks before this motion was filed (and with the case still in its early stages).  See document no. 16-3.  Specifically, Garcia disclosed that "compensatory damages are the only type of damages . . . which have occurred up to this point" and that those alleged "compensatory damages would be the difference between the salary I would have received as the medical director at Alicare and my

'earnings' over the time period from other activities." Id. Garcia produced documentation of his earnings, but explained that he could not compute the salary information for the medical director position because Alicare had not yet produced that information in response to his discovery requests.

Alicare has not identified any appreciable harm that it has suffered from Garcia's late disclosure of his damages computation. As far as the record indicates, the late disclosure was harmless. Moreover, while Alicare's delay in producing the salary information for the medical director position did not excuse Garcia from making an initial disclosure "based on the information then reasonably available" to him, Fed. R. Civ. P. 26(a)(1)(E), it is nonetheless worth noting that Garcia is a pro se litigant[1] and appears to have been proceeding under the mis-impression that he could wait for Alicare's production. Rule 37(c) is expressly designed "to avoid unduly harsh penalties in a variety of situations," including "the lack of knowledge of a pro se litigant of the requirement to make disclosures." Fed. R. Civ. P. 37(c), advisory committee notes (1993).

---

[1]Alicare notes that Garcia is a lawyer (as well as a doctor), but he is not admitted to the bar of this court, does not appear to be actively practicing law, and is not appearing here in that capacity.

3

This court therefore concludes that dismissal would be an inappropriate sanction under Rule 37(c) for Garcia's late disclosure of his damages computation.  Alicare has not requested any other sanction and, in any event, this court would not be inclined to grant even a lesser sanction, since Garcia's discovery violation was harmless.  Alicare's motion for judgment on the pleadings[2] is accordingly DENIED.

In briefing that motion, the parties also addressed a number of other ongoing discovery disputes, including a dispute over the location of Garcia's deposition and a dispute over Alicare's refusal to produce responsive documents without a protective order as to confidentiality.  To keep the discovery process on track, the court orders Garcia to make himself available for a deposition by oral examination, see Fed. R. Civ. P. 30, to be conducted in New Hampshire (Garcia's chosen forum for this litigation) on a date mutually agreeable to the parties, but no later than December 31, 2010 (unless the parties agree or already have agreed to other arrangements for the deposition).  In addition, the court orders Alicare to file a proposed protective order by October 27, 2010, see Fed. R. Civ. P. 26(c), which shall include reciprocal confidentiality protection for both parties.

---

[2]Document no. 15.

Garcia shall file his objections, if any, to that proposed order by November 5, 2010.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: October 19, 2010

cc: Peter Garcia, pro se
    Naomi L. Mooney, Esq.