```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

```
**********************************
PETER GARCIA                      *
          Plaintiff               *
                                  *    Civil Action No. 10-CV-26-JL
     v.                           *
                                  *
ALICARE MEDICAL MANAGEMENT        *
Defendant                         *
**********************************
```

## PROTECTIVE ORDER REGARDING
## CONFIDENTIAL MATERIALS AND INFORMATION

1.  Any party may designate as "confidential" any document or groups or categories of documents that constitute any non-public material that it produces or has produced as part of this litigation. Any person producing "confidential" documents shall stamp or mark the documents "confidential," and no documents produced during discovery shall be deemed confidential unless expressly stated or otherwise and so marked.[1]  No party shall disclose copies, excerpts, summaries or the substance or contents of confidential documents or information obtained through discovery or document production requests, unless such disclosure is in compliance with this Order.

2.  Except as ordered by the Court, information designated "confidential" may be given, shown, made available to, or communicated only to (a) the parties and their counsel of record, and counsel's employees to whom it is necessary that the material be shown for

---

[1] The parties may designate any previously produced documents as confidential within thirty (30) days after this Order.

purposes of this litigation; (b) such counsels' third party consultants and independent experts who are employed for the purposes of this litigation and their employees who regularly assist them; (c) the Court in this case and Court personnel involved in this case, including court reporters.  Persons in categories 4(b) may have access to "confidential" information only after signing an agreement in the form of Exhibit A attached hereto.  Counsel shall retain copies of any such agreements.

     3.   Whenever a party files any document with the Court that any party has designated as "confidential," such filing party shall file such material under seal. Envelopes used to seal such material shall carry the notation "**CONFIDENTIAL** – The documents or other matter contained herein are subject to a PROTECTIVE ORDER issued by the COURT and may not be examined or copied except in compliance with that order. <u>Peter Garcia v. Alicare Medical  Management,</u> 10-CV-26-JL in the United States District Court, District of New Hampshire."  Envelopes so marked shall be delivered sealed to the Clerk of the Court. Counsel for the designating party shall have the opportunity to oppose any request for public inspection.

     4.   In the event that counsel who have received "confidential" information are served with discovery requests or other process of a court or governmental or administrative agency seeking the production of any information designated pursuant to this Order as

"confidential," counsel shall immediately notify counsel for the designating party of such request or process.

5.   Should counsel for any party desire to use material designated by another party as "confidential," during any proceedings held in open court, he or she shall, prior to such use, make reference to the confidentiality thereof, and counsel for the designating party may at the time of such use, if present, request that any portion of the transcript containing such reference to "confidential" information and any "confidential" documents attached as exhibits be filed under seal with this Court and be accorded treatment as "confidential" information as provided by this Order.  In the event that counsel for the designating party is not present at the proceeding where such materials are disclosed, the responsible attorney for that party shall immediately thereafter be given notice of the use thereof. Counsel for the non-designating party shall give notice to the designating party of any intention to use "confidential" information or documents in any proceeding where counsel for the designating party will not be present, in advance of any such proceeding.  Counsel for the parties shall use due care not to disclose such information needlessly in the public record of any such proceedings.

6.   For deposition testimony, any party or witness, or said parties' or witness' counsel, may invoke the provisions of this Order, if feasible giving prior warning to counsel for the parties that testimony about to be given falls within the scope of this Order and

is to be designated "confidential." No person shall be present during the giving of any such testimony unless such person is an authorized recipient of such information under this order. If any document designated as "confidential" pursuant to this Order is used during the course of a deposition herein, that portion of the deposited record reflecting such "confidential" information shall be stamped or marked accordingly. Counsel may also designate any deposition testimony regarding non-public material as "confidential" by giving written notice thereof to the court reporter and to all parties.

     7. With respect to documents designated "confidential," any person indicated on the face of the document to be its originator, author, or a recipient of a copy thereof may be shown the same for purposes of this litigation. Furthermore, nothing in this protective order shall prevent any party from reviewing "confidential" documents or "confidential" information that originated from that party.

     8. At the conclusion of all proceedings in this litigation, including, but not limited to, final adjudication of any appeals or petitions for rehearing or for extraordinary writs, all documents designated as "confidential" and all copies thereof that are not in the custody of the Court, shall be either (a) returned to counsel for the party designating such information as "confidential," or (b) destroyed within 60 days after the conclusion of all proceedings in this litigation.

9.      Any court with jurisdiction over this action shall retain such jurisdiction with respect to this Order, notwithstanding the termination of this action, for purposes of enforcing its terms and conditions and to enable any party herein affected to apply for such other and further orders concerning the subject of this Order as may be necessary or appropriate.  This Protective Order is without prejudice to the right of any party to seek modification of it from the Court.

10.     The production of information designated as "confidential" pursuant to this Order shall in no way constitute (a), a waiver of any right to object to the production or use of the same information on other grounds; or (b) a general or limited waiver of the attorney-client, joint defense, work products or other privilege or legal protection, or (c) a waiver of any right to object to the production or use of other documents in this litigation or in any other litigation. By signing this Order, a party is not deemed to waive any objection to the production of any document.  In addition, the election by any party to disclose any portion of its "confidential" information to others shall not be deemed a waiver of any of the rights established by this Order.

11.     This Protective Order shall not prevent any of the Parties from challenging in Court the "confidential" designation given particular information or from moving the Court for an Order that "confidential" information may be disclosed other than in accordance

with this Protective Order. Until the determination on the merits of such a motion has been made by the Court, the "confidential" information shall continue to be treated as such under the terms of this agreement. Nothing contained in this Protective order shall alter the burden that otherwise would apply to establishing the propriety of allowing or preventing disclosure.

SO ORDERED this 3rd day of November, 2010.

_____
Joseph N. Laplante
United States District Judge

**EXHIBIT A**

AGREEMENT CONCERNING CONFIDENTIAL INFORMATION

COVERED BY A PROTECTIVE ORDER ENTERED BY THE

UNITED STATES DISTRICT COURT, DISTRICT OF NEW HAMPSHIRE

The undersigned hereby acknowledges that he (she) has read the attached Protective Order Regarding confidential materials and information entered by the United States District Court, District of New Hampshire on _____, 2010, in the action entitled <u>Peter Garcia v. Alicare Medical Management</u> Docket # 10-CV-26-JL. The undersigned further acknowledges that he or she understands the terms thereof and agrees to be bound by such terms.

Dated: _____
     (signature of individual)


     (printed or typed name of individual)