```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW HAMPSHIRE
```

Peter Garcia

    v.                                        Civil No. 10-cv-26-JL

Alicare Medical Management

**SUMMARY ORDER**

    Pro se plaintiff Peter Garcia has filed two "emergency" motions relating to discovery in this disability discrimination case against defendant Alicare Medical Management.  Neither motion is truly an emergency, as Alicare has indicated its willingness to resolve the discovery issues on reasonable terms without court involvement (which would have been preferable).  Nevertheless, since the parties have not reached agreement, this court makes the following rulings:

    **Motion to compel (document no. 26):**  Garcia's motion to compel is GRANTED as to the production of the requested documents, but DENIED as to the production of better interrogatory answers.  Alicare has been withholding the requested documents on confidentiality grounds, but this court recently issued a confidentiality order that resolves those concerns.  See document no. 25.  Contrary to what Alicare suggests, the order does not require Garcia to sign anything (it only requires signatures from third-party consultants and independent experts employed in the litigation).

This court accordingly orders Alicare to produce the requested documents (including any medical director contracts) by **December 15, 2010**. See Fed. R. Civ. P. 37(a)(3)(A). Regarding Garcia's request for documentation of telephone use by the medical director, which Alicare argues is unduly burdensome, this court construes the request as being limited to documents that reflect the extent of such use, such as a phone bill, a phone message log, a scheduling book, and the like--not every single document that might reference a phone call involving the director.

As for the interrogatories, Garcia argues that Alicare provided "evasive or incomplete" answers, which "must be treated as a failure to . . . answer" under Fed. R. Civ. P. 37(a)(4). Based on this court's review, however, the answers appear adequate. To the extent that Garcia wants additional information (beyond that provided in Alicare's answers), he likely will learn much of it through the forthcoming document production, and the depositions discussed below. If not, the rules provide a mechanism for him to seek leave for additional interrogatories. See Fed. R. Civ. P. 33(a)(1).

**Motion for protective order (document no. 27):** Garcia's motion for a protective order is GRANTED as to the rescheduling of his upcoming deposition, but DENIED as to his request to limit the scope of that deposition. Alicare has indicated that it is

willing to reschedule Garcia's December 8 deposition to a later date, provided that Garcia also reschedules his December 7/8 depositions of four Alicare representatives.  This court accordingly orders the parties to reschedule all of those depositions on later date(s), mutually agreeable to the parties.[1]  See Fed. R. Civ. P. 26(c)(1)(B).  To help the parties reach agreement and avoid having to attend depositions over the holidays, the deadline for Garcia's deposition is extended to **January 31, 2011**.

As for Garcia's request to limit the scope of his deposition, this court will not prohibit Alicare asking questions about Garcia's prior work experience, other complaints of discrimination he has made, his wife's staffing firm, or his personally identifiable information, all of which appear to be areas of inquiry "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Garcia argues that such information is confidential, but this court's recent confidentiality order adequately addresses those concerns.  See document no. 25.

---

[1] If feasible, the depositions shall be scheduled consecutively so that Garcia will only have to make one trip from Florida to New Hampshire.  Garcia shall be deposed first, followed by the Alicare representatives.

**Conclusion**.  As set forth above, Garcia's motion to compel[2] and his motion for a protective order[3] are both GRANTED in part and DENIED in part.

**SO ORDERED**.

/s/ Joe Laplante
_____
Joseph N. Laplante
United States District Judge

Dated:  December 1, 2010

cc:  Naomi L. Mooney, Esq.
     Peter Garcia (pro se)

---

[2]Document no. 26.

[3]Document no. 27.